**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

In re:

Andrew Walker,

            Debtor.

Case No. 09-12629-RGM
Chapter 7

## MOTION TO AMEND ORDER DISMISSING CASE WITH PREJUDICE

    Comes Now, W. Clarkson McDow, Jr., United States Trustee, and moves the court, pursuant to Rule 59 of the Federal Rules of Civil Procedure made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure, to amend the order dismissing this case with prejudice.[1]  In support of this motion the following representations are made:

    1.  On October 13, 2009, a hearing was held on the Rule to Show Cause. [Doc 37] Pursuant to the Rule to Show Cause the debtor was to appear and show cause why he should not be held in civil contempt and sanctioned accordingly, including dismissal of this case with prejudice or denial of discharge, for his failure to obey and comply with the Order Granting Rule 2004 Examination.

    2.  The Rule to Show Cause was entered because the debtor failed to appear for an examination pursuant to Rule 2004 and the debtor failed to produce requested documents.

    3.  The attorney for the United States Trustee appeared at the hearing.  The debtor did not

---

[1] Rule 59 F.R.Civ. P. states in part "The court may, on motion, grant a new trial on all or some of the issues-and to any party-as follows.... Further Action After a NonJury Trial.  After a nonjury trial, the court may ... take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

The order dismissing this case with prejudice has been submitted but not yet entered on the docket.

appear at the hearing. The debtor filed no response to the Rule to Show Cause. The case trustee did not appear at the hearing.

    4. The United States Trustee requested that the case be dismissed with prejudice, the prejudice requested was that all debts that were scheduled or could have been scheduled would not be discharged in this or any future case. The United States Trustee had not filed an objection to the discharge of the debtor under Section 727 of the Bankruptcy Code.

    5. The court orally ordered that the case be dismissed with prejudice, the prejudice being that the debtor could not file for one year. The court also sanctioned the debtor $1,000, the court also ordered that payment of the $1,000 was a condition precedent for filing another petition.

    6. The United States Trustee believes that there may be assets available for creditors. Specifically, the United States Trustee obtained a copy of a Promissory Note, dated April 5, 2006, the face amount of $18,655 payable to the debtor.

    7. The United States Trustee electronically mailed a copy of the Promissory Note to the case trustee before the hearing. However, after the hearing, the United States Trustee discussed this matter with the case trustee and believes, in light of the large number of bankruptcy cases and electronic mailings handled by the trustee, that electronically mailing a copy of the Promissory Note to the trustee was in this situation an unsatisfactory method of communication.

    8. The United States Trustee believes the trustee will investigate the feasibility of collection on the Promissory Note for the benefit of creditors.

    Wherefore the United States Trustee moves the court to amend the order dismissing this case with prejudice.

October 16, 2009                                                                             W. Clarkson McDow, Jr.

                        United States Trustee

                        /s/ Jack Frankel
                        Jack Frankel, Attorney
                        Office of United States Trustee
                        115 South Union Street
                        Alexandria, VA 22314
                        (703) 557-7229

<u>Certificate of Service</u>

    I hereby certify that on the 16th day of October, 2009, I mailed, first class, postage prepaid, a copy of this motion and notice of motion and hearing to:

| Andrew Walker<br>PO Box 822<br>Bristow, VA 20136 | Richard A. Bartl, Esq.<br>Tyler, Bartl, Ramsdell & Counts, P.L.C.<br>700 South Washington Street, Suite 216<br>Alexandria, VA 22314 |
|---|---|

                        Jack Frankel
                        Jack Frankel